THE STATE, JOHN WARD ET AL., PROSECUTORS, v. THE COMMISSIONERS OF STREETS AND SEWERS OF NEW BRUNSWICK.

1. The act of 1876 (*Pamph. L.*, *p.* 296) gives the commissioners of streets and sewers in New Brunswick the requisite power to make a legal assessment for street improvements.

2. The assessment in this case will not be set aside because the commissioners failed to assess damages to the relator.

3. The relator's remedy is either by *mandamus*, or by suit under section 70 of the Road act (*Rev.*, *p.* 1009), or under the provisions of the act of March 10th, 1880. *Rev. Sup.*, *p.* 571, § 343.

Ward v. New Brunswick.

On *certiorari.*   In matter of assessment.

Argued at February Term, 1887, before Justices VAN SYCKEL and MAGIE.

For the plaintiffs, *C. T. Cowenhoven.*

For the defendants, *A. V. Schenck.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The writ in this case was sued out by the prosecutors for the purpose of setting aside assessments upon their lands for curbing, guttering and flagging the sidewalks of Suydam street, between Livingston and French streets, in the city of New Brunswick, and for grading the same section.

· The several grounds upon which the relators rest their case will be considered.

1. The act appointing commissioners of streets and sewers in the city of New Brunswick provides that an established grade shall not be changed except by the written consent of a ·majority of the property owners, who shall vote in accordance with the number of lineal feet owned by each on the line of the street to be affected, and that the expense of such regrading shall be paid by general taxation.   *Pamph. L.* 1871, *p.* 796, § 5.

Suydam street was laid out by ordinance, on the 2d day of September, 1872.   The grade of Suydam street was established, between Livingston and French streets, by a resolution passed June 29th, 1882, by the commissioners of streets and sewers, in pursuance of the power granted to them by the fourth section of the act of 1871.   *Pamph. L., p.* 796.

The city charter (*Pamph. L.* 1863, *p.* 347, § 104) requires the action of the common council to lay out or open streets. The case does not show that Suydam street, between Livingston and French streets, was laid out previous to the passage of the ordinance of 1872.   The charter of 1863 (*Pamph. L.,*

*p.* 347, § 80) also requires the action of council to establish the grade of a street. An ordinance was passed September 30th, 1863, requiring that grades should be established by a resolution of council. This power was vested in the council of New Brunswick until the passage of the act of 1871, before referred to. It does not appear that any resolution was passed or any action taken prior to 1882, either by the council or the said commissioners, to establish a grade for Suydam street.

Edward Tindall, the city clerk, was called as a witness by the prosecutors, and examined, and the right was reserved, by a stipulation in writing between the parties, to recall him for the purpose of proving the adoption by resolution of the common council of profile maps establishing a grade, but he was not afterwards recalled, and there is an absence of evidence on that subject. The case is not therefore within the provisions of the fifth section of the act of 1871. If it were, the objection, so far as the want of consent of the land-owners is concerned, is removed by the evidence on the part of the defendants, which shows that the requisite consent was duly obtained in writing.

2. Was the assessment made under a valid law, and in accordance with it ? Section 4 of the act of 1871 (*Pamph. L.,* *p.* 796) authorizes the commissioners of streets to grade and pave streets, and to grade, pave and curb sidewalks, and to assess the expenses thereof in the manner thereafter prescribed in said act. The only manner in and by said act of 1871 prescribed for making such assessments is according to lineal feet of frontage.

An act passed in 1876 (*Pamph. L., p.* 496), entitled " A further supplement to an act entitled ' An act appointing commissioners of streets and sewers in the city of New Brunswick,' approved March 23d, 1871," provides a legal mode for making assessments, but this act is special and local. Another act, passed in the same year (*Pamph. L., p.* 296), entitled "An act respecting assessments in cities," gives the commissioners the power requisite to make a legal assessment. Their report shows that in conformity with that act they did make their

assessment upon the several lots benefited, in proportion to the benefit received, and that no lot was assessed in excess of the benefits received by it.

3. The seventy-third section of the act concerning roads. (*Rev., p.* 1009) provides " that the grade of no street which has been built upon shall be changed unless by consent of a majority of owners in interest fronting on said street, nor without paying to the owner of such building his damages sustained by the alteration." The testimony shows that the house of the relator, John Ward, was built upon Suydam street about the year 1869. The legislation last cited applies to the alteration of a grade not before formally established, and therefore Ward is entitled to his damages by reason of the resolution of June 29th, 1882, establishing the grade of Suydam street. *Town of Lambertville* v. *Clevinger,* 1 *Vroom* 53. As has been stated, the consent of land-owners was obtained to the grade, but no provision has been made for paying damages to Ward. But for this reason the assessment is not to be set aside. If, under the provisions of the charter of New Brunswick, it was the duty of the commissioners to assess these damages to which Ward is entitled upon the lands benefited, the remedy of the house-owner is by *mandamus.* *Reock* v. *Mayor of Newark,* 4 *Vroom* 129. If no such provision exists in the New Brunswick charter, an action will lie by the land-owner under section 70 of the Road act. *Rev., p.* 1009. A further remedy is provided by the act of March 10th, 1880. *Rev. Sup., p.* 571, § 343. In my opinion, the assessment should be affirmed.