DAVID J. HENNESSY *vs.* CITY OF ST. PAUL.

August 20, 1890.

St. Paul—Condemnation for Streets — Effect of Appeal. — Under the charter of the city of St. Paul, the city has no right to enter upon and improve lands for a public street and assess benefits for such improvement as against the owner of such lands, while separate proceedings for the condemnation thereof for public use are pending upon appeal, unless it has caused to be executed the proper bond as authorized by the charter. Sp. Laws 1887, p. 340, § 18.

*Certiorari,* to review a judgment of the district court for Ramsey county, *Kerr,* J., presiding.

*Lawler & Durment,* for relator.

*O. E. Holman,* for respondent.

VANDERBURGH, J.  The record shows that the relator is the owner of lots 14 and 15, in block 37, Summit Park addition to St. Paul, which lots lie adjacent to Lexington avenue.  It further appears that in 1887 proceedings were taken by the city to open and widen that avenue, and that the proposed improvement necessitated the taking and appropriation for the street of a portion of these lots adjacent thereto, being a strip seven feet-in width.  The relator duly appealed from the confirmation of the assessment by the board of public works to the district court, and this appeal is still undetermined.  What will be the result of the condemnation proceedings is uncertain, and the city has not yet acquired the property for public use.  It does not appear that any bond has been given by the city authorities, as provided by Sp. Laws 1885, *c.* 7, § 1, (Sp. Laws 1887, *c.* 7, p. 340, § 18,) so as to authorize the city to enter upon and grade or otherwise improve the same.  Subsequently, in the year 1889, the city proceeded to grade Lexington avenue, including within the improvement the land proposed to be taken from relator, and also to levy an assessment for benefits upon property including the lots in question and adjacent lots of the relator in the same block.  In due time he filed objections to the recovery of judgment for such assessment, upon the ground, chiefly, that the common council had no authority to order the improvement.  Under this objection the counsel for the relator argues that the assessment is void because the city could not lawfully grade the street to the full width, and that as to him the assessment is void because it includes the expenses of improving his own property.  We have no means of determining whether, upon the appeal, the first assessment may not be entirely annulled for want of jurisdiction, though the probabilities are that the city will ultimately acquire the land in dispute, and of course be authorized to perfect the improvement.  And we see no way of avoiding the conclusion that the assessment objected to was prematurely made, and we think the objection was properly interposed by the relator, on

the ground that it goes directly to the authority of the council to order the improvement. *Mayor of Baltimore v. Hook*, 62 Md. 371.

In some cases, under special charter provisions, assessments for improvements are permitted to be made and to proceed *pari passu* with proceedings to acquire the title or easement in the land upon which the improvements are to be made, and objections of this kind are not provided for or allowed in the same proceedings; but the party is remitted to other legal remedies specially provided, or by *mandamus* to compel the municipality, if it neglect to do so, to proceed to the assessment of damages for the property taken. *Ward v. New Brunswick*, 49 N. J. Law, 552, (10 Atl. Rep. 109; 17 Am. & Eng. Corp. Cas. 632.) But we do not think this is the proper construction to be given to the provisions of the charter under consideration. The charter (Sp. Laws 1887, p. 340, § 18) points out the manner in which the city may acquire the right to enter upon, take possession, and improve the property pending an appeal, by executing the bond already referred to, and under section 60 (p. 356) of the same chapter the authority is given, whenever judgment is refused as to any lot, to proceed without delay to make a new assessment, or reassessment, etc. And the procedure provided (section 39, p. 349) saves to the land-owner the right to make the objection to an assessment for improvements that the city has not yet acquired the right to make. The construction contended for by the relator is one which is just to the land-owner, and at the same time, under the charter, fully protects the city in its rights to prosecute its improvements. And as the assessment in question is an entirety and cannot be apportioned, it must be held unauthorized.

Judgment reversed.